# S. P. Hull, Plff. in Err., v. Delaware & Hudson Canal Company.

Where a party holding, in consideration of a coal-mining lease, a right to claim supplies of coal for domestic purposes, suffered a sale of his interest in the lands on execution,—*Held,* that, whether such right was a mere personal contract or in the nature of rent for the land, he had no right of action for a refusal to furnish the coal.

(*Decided March 15, 1886.*)

Error to the Common Pleas of Lackawanna County to review a judgment for defendant in an action to enforce a contract. Affirmed.

On July 5, 1868, William Hull sold to Abel Barker, Edward Jones, and Lewis Pughe, by an instrument called a lease, all the coal under a certain tract of land; the lease to continue in force until all the veins of suitable character in said tract shall have been worked out.

On July 10, 1858, Hull conveyed the premises, under which the coal lay, to his sons as tenants in common.

On April 11, 1860, by agreement between Pughe, Jones, and Barker and the said sons, the contract of July 5, 1859 was modified, in consideration for which the lessees agreed under seal to furnish to the sons a good quality of coal for their own domestic use, in reasonable quantities as they should require.

On April 12, 1864, the lessees transferred all their rights, title, interest, and estate in and to the above, the agreements, to the Delaware & Hudson Canal company. On September 3, 1867, the company and the sons entered into a contract, by the terms of which all the above agreements and supplementary agreements were ratified and fully recited by name and date,

NOTE.—The right to rent follows the reversion where the interest of the landlord is sold by the sheriff on execution. Bank of Pennsylvania v. Wise, 3 Watts, 394; Braddee v. Wiley, 10 Watts, 362; Herr v. Binkley, 8 Lanc. L. Rev. 234, 1 Del. Co. Rep. 391; West v. Herrod, 1 Sad. Rep. 330, 2 Atl. 871; Hayden v. Patterson, 51 Pa. 261. This right accrues only from the acknowledgment of the sheriff's deed. Garrett v. Dewart, 43 Pa. 342, 82 Am. Dec. 570. An assignment of the rent by the landlord prior to the sale does not defeat the right. Boyd v. McCombs, 4 Pa. 146. So, an action for breaches of covenant in the lease, occurring after the transfer, must be in the name of the assignee of the reversion. Stoddard v. Emery, 128 Pa. 436, 18 Atl. 339.

and all contracts and understandings entered into by Barker, Jones, and Pughe were assumed by the company.

On March 28, 1871, Stephen P. Hull, one of the sons, conveyed his interest in the land to G. M. Hull *et al.,* expressly reserving his rights to the coal for domestic purposes provided for by the contract of April 11, 1860. Subsequently, there was a sheriff's sale of his interest in the land. After this the company refused to deliver to him coal for his domestic use, and he brought this action to recover the same.

The parties entered into the following agreed statement of facts:

On and prior to the 28th day of March, 1878, the plaintiff was the owner of the undivided one-sixth part or interest in a certain tract of land situate in the county of Lackawanna and state of Pennsylvania, containing about 420 acres, known as the tract surveyed in the warranty name of Levi Pierce, subject to a certain coal lease and supplements.

By deed dated 28th of March, 1878, the said plaintiff conveyed to G. M. Hull *et al.* the undivided one-sixth interest in said land, which said deed contained the following, to wit: "It is understood that the said first party is to have the same use of coal as is provided in the agreement with the said canal company." Said deed was recorded, April 10, 1879.

On the 27th day of March, 1879, a judgment was entered in the court of common pleas of Lackawanna against the said S. P. Hull, plaintiff, for about $2,500, on which judgment and execution was issued. The following described property, being the property hereinbefore referred to, was levied on, an inquest held, the property condemned, and on the 4th day of October, 1879, the said property was sold by the sheriff.

The following is a description of the property as levied on and sold by the sheriff: All the right, title, and interest of the defendant in and to the following described piece, parcel, and tract of land, situate in the borough of Olyphant, late Blakely township, Lackawanna county, Pennsylvania, *viz.:* being the tract of land surveyed in the warranty name of Levi Pierce, and containing 412 acres of land, more or less; and also all the right, title, and interest of the defendant in and to a certain agreement for the coal under the said land, between William Hull of the first part and A. Barker, Lewis Pughe, and E. Jones, bearing date July 5, 1858, and the supplements and amendments

to the same; excepting and reserving from the said tract of land
such parts of the surface thereof as had been sold by William
Hull or his heirs to other parties, late the estate of the defend-
ant in said writ named, with the appurtenances.   Seized and
taken in execution at the suit of H. A. Bickwell v. Stephen P.
Hull.   Debt. $2,559.54. Vend. Ex. No. 45, October Term,1879.

Subsequently to the delivery of the deed to G. M. Hull *et al.,*
and of the delivery of the sheriff's deed, the said S. P. Hull,
plaintiff, demanded of the said defendant 129¼ tons coal for
his domestic use, the amount being reasonable and required for
his domestic use, which coal the said company defendant refused
to deliver to him.

If the court be of the opinion that the said defendant was re-
quired to deliver the coal to the said plaintiff, then judgment to
be entered for the plaintiff in the sum of $219.50; but if not,
then judgment to be entered for the defendant, the cost to fol-
low the judgment, and either party reserving the right to sue
out a writ of error therein.

The court found in favor of defendant, and the plaintiff
brought error.

*Willard & Warren* for plaintiff in error.

*Jessup & Hand,* for defendant in error.—When the relation
of tenure is created by a grant, all the covenants of a grantee for
himself or his assigns which affect the land granted will be a
charge upon it, and bind everyone to whom it may come by as-
signment.   Spencer's Case, 1 Smith Lead. Cas. 159.

Nothing is better known than that the assignee of a lease for
life or years is liable for the fulfilment of all the covenants of
the lessee for the payment of rent, or the performance of any
other duty issuing out of the land or directly relating to it.
Spencer's Case, 1 Smith Lead. Cas. 169, 170; Torrey v. Wal-
lis, 3 Cush. 442; Graves v. Porter, 11 Barb. 592; Post v. Kear-
ney, 2 N. Y. 394, 51 Am. Dec. 503; Sharp v. Waterhouse, 7
El. & Bl. 816; Bally v. Wells, 3 Wils. 25–29; Hurd v. Curtis,
19 Pick. 459; Blount v. Harvey, 51 A. C. (6 Jones L.) 186.

When the land is granted at time of covenant made for life
or years or in fee, the grant will give rise to a privity of estate,
on which an action will lie against a subsequent assignee; but
where no estate passes, the covenant will be personal to the party

making it, and collateral to the land about which it is made; and the assignee will neither be bound to perform it, nor liable in case of breach. Ingersoll v. Sergeant, 1 Whart. 337; Royer v. Ake, 3 Penr. & W. 461; Herbaugh v. Zentmyer, 2 Rawle, 159; Hannen v. Ewalt, 18 Pa. 9.

The cases in Pennsylvania and Massachusetts tend to show that every right which can arise or be created out of land by a grant or reservation may be made the subject of an appropriate covenant, which will bind the land as well as the parties, and may consequently be enforced by and against subsequent assignees and purchasers. Coleman v. Coleman, 19 Pa. 100, 57 Am. Dec. 641; Spencer's Case, 1 Smith Lead. Cas. 190.

The land might be assigned and carry the covenant with it, but the covenant could not pass without the land, nor unless the assignee acquired a right or title as distinguished from a bare possession. Van Rensselaer v. Smith, 27 Barb. 104.

The burden of covenants does not attach to land in the absence of privity of estate. Woodruff v. Trenton Water Power Co. 10 N. J. Eq. 489.

Whether a covenant will or will not run with land does not, however, so much depend upon whether it is to be performed on the land itself, as upon whether it tends directly or necessarily to enhance its value or to render it more beneficial and convenient to those by whom it is owned or occupied; for, if this be the case, every successive assignee of the land will be entitled to enforce the covenant. Spencer's Case, 1 Smith Lead. Cas. 219; Masury v. Southworth, 9 Ohio St. 340; Sampson v. Easterby, 9 Barn. & C. 505; Vyvyan v. Arthur, 1 Barn. & C. 410.

To grind all the corn that may be produced on the land at the mill of the lessor, although not strictly speaking a rent, yet is in the nature of a rent service, and will consequently pass to a subsequent assignee either of the land or the reversion. Spencer's Case, 1 Smith Lead. Cas. 219; Beach v. Barons, 13 Barb. 305; Dunbar v. Jumper, 2 Yeates, 74.

PER CURIAM:

Whether the contract for coal for domestic purposes was personal to the plaintiff, or whether it was a portion of the rent which he was to receive, in either case he has no right of action against the defendant.

Judgment affirmed.